## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

KELLY TRUDEL and
BETTINA DOLD,

      Plaintiffs,

v.                                 Case No. 8:22-cv-1823-TPB-SPF

LIFEBIT BIOTECH,

      Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This case is before the Court on "Defendant's Motion to Dismiss the Complaint and Memorandum of Law in Support Thereof," filed on August 17, 2022. (Doc. 7). Plaintiffs filed a response in opposition to the motion on September 6, 2022. (Doc. 14). Upon review of the motion, response, court file, and record, the Court finds as follows:

## Background

Plaintiffs allege they were employed by Defendant. Plaintiff Kelli Trudel was a Director of Sales; Plaintiff Bettina Dold was a Vice President of Marketing. Defendant hired Trudel in November 2021 under an employment contract that provided Defendant would pay Trudel her base salary for six months if it terminated her for convenience rather than for cause. Plaintiffs allege Defendant terminated Trudel without cause in February 2022, but Defendant has not paid Trudel as required by her contract. Instead, by improperly withholding Trudel's

severance pay and "other undue influence," Defendant "forced" her to sign a settlement agreement.  The complaint alleges that Defendant's "high pressure position" and false statements in e-mails regarding the settlement agreement caused Trudel "extreme emotional distress," and that Trudel was "vindictively targeted and harassed" by Thorben Seeger, Defendant's Chief Business Development Officer, based on her gender and sexual orientation.[1]

The complaint alleges that when Bettina Dold requested a reduced work schedule due to health conditions, Seeger "started his pattern of harassing behavior" against her.  The complaint alleges Seeger's conduct was "so severe and his position as Ms. Dold's superior was so threatening, that Ms. Dold was left with no choice but to file two separate complaints with Human Resources."  Dold was "summarily retaliatorily discharged" because she advised Defendant it was ineligible to receive "project clearance" because it lacked "a legal U.S. entity or base of operations."  The complaint alleges that both Plaintiffs were subjected to a "corrosively hostile work environment," and were "consistently harassed, demeaned, and bullied by senior employees of [Defendant]," and that this conduct had "deteriorative effects on their quality of life."

On June 24, 2022, Plaintiffs filed suit in state court in Hillsborough County, Florida, asserting one count for breach of contract on behalf of Trudel, and one count of intentional infliction of emotional distress on behalf of both Plaintiffs.  On August 10, 2022, Defendant removed the case to this Court based on diversity of

[1] The complaint asserts Plaintiffs will amend the complaint to include employment discrimination claims once administrative prerequisites are exhausted.

citizenship.   Defendant has moved to dismiss the complaint for lack of personal jurisdiction and failure to state a claim.

## Legal Standard

### *Personal Jurisdiction*

A plaintiff must allege in the complaint facts that if true would establish a *prima facie* case for personal jurisdiction over the defendant.  *United Tech. Corp. v. Mazer*, 556 F.3d 1260, 1275 (11th Cir. 2009).  Pleading a *prima facie* case requires the plaintiff to allege sufficient facts "to support a reasonable inference that the defendant can be subjected to jurisdiction within the state." *Bracewell v. Nicholson Air Services, Inc.,* 680 F.2d 103, 104 (11th Cir. 1982).  When a defendant challenges jurisdiction and supports its position by affidavit, the burden shifts to the plaintiff to establish jurisdiction by affidavits or other competent proof.  *Id.; see also Polskie Linie Oceaniczne v. Seasafe Transport A/S,* 795 F.2d 968, 972 (11th Cir. 1986).  Where no evidentiary hearing is held, the plaintiff's burden is to establish a *prima facie* case of personal jurisdiction, that is, a case that would withstand a motion for directed verdict.  *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990).

### *Failure to State a Claim*

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a).  While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007).  To survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face."  *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint.  *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995).  Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff."  *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case."  *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

## Analysis

### *Personal Jurisdiction*

To determine whether the Court has personal jurisdiction over a nonresident defendant, the Court must engage in a two-part inquiry.  *See Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996).  First, the Court must determine under state law whether the forum state's long-arm statute provides a basis for personal jurisdiction.  *See id.*  If it does, then the Court must determine whether the assertion of jurisdiction would be consistent with the Due Process Clause of the Fourteenth Amendment.  *See id.*  Due process requires that the

defendant have contacts with the forum state by which the defendant purposefully availed itself of the privilege of conducting activities in the state, that the plaintiff's action arise from or relate to those contacts such that the defendant should reasonably anticipate being haled into court there, and that the assertion of jurisdiction be consistent with "fair play and substantial justice." *Id.* at 630-31.

With respect to personal jurisdiction, the complaint alleges only that "[t]he Court has personal jurisdiction over the Defendant pursuant to Florida Stat. Section § 48.193(1)(a)." That section provides for personal jurisdiction for causes of action arising out of the commission by a defendant of various enumerated acts. The complaint, however, fails to allege which of the listed acts Defendant engaged in or otherwise plead facts showing that personal jurisdiction exists. The complaint's conclusory allegations are insufficient to allege a *prima facie* case of personal jurisdiction. *See Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006) (holding that "vague and conclusory allegations" are "insufficient to establish a prima facie case of personal jurisdiction . . .."); *Nelson v. Atlas Apartment Homes, LLC*, 6:20-cv-879-Orl-78LRH, 2020 WL 10456790, at *3 (M.D. Fla. Aug. 10, 2020) (same).

Defendant has anticipated several long-arm provisions on which Plaintiffs might seek to rely and has submitted a declaration and attached exhibits seeking to demonstrate the absence of jurisdiction. The Court believes such evidence is better considered if and when Plaintiffs set forth sufficient jurisdictional allegations under the standards set forth above. Accordingly, Defendant's motion to dismiss for lack

of personal jurisdiction is granted, and the complaint will be dismissed with leave to amend.[2]

### *Failure to State a Claim*

<u>The Complaint's Allegations Fail to Avoid the Settlement Agreement.</u>

Defendant argues that Trudel's breach of contract and intentional infliction of emotional distress claims fail because the March 1, 2022 "Settlement Agreement" attached as an exhibit to the complaint demonstrates the claims are barred. Affirmative defenses such as settlement may be raised in a motion to dismiss where they clearly appear on the face of the complaint. *See, e.g., Quiller v. Barclays Am./Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984), *aff'd on reh'g en banc*, 764 F.2d 1400 (11th Cir. 1985). An exhibit attached to a complaint is part of the complaint for all purposes and may therefore be considered on a motion to dismiss. *See, e.g.*, *Lawrence v. United States*, 597 F. App'x 599, 602 (11th Cir. 2015); Fed. R. Civ. P 10(c). The Settlement Agreement attached to the complaint contains the following provision:

---

[2] Defendant refers to a forum selection clause in the settlement agreement attached to the complaint, suggesting in a footnote that the Court "may lack jurisdiction" over Trudel's contract claim. If Defendant wishes to move to dismiss based on the forum selection clause, it must do so expressly and present argument going beyond a few sentences in a footnote. The Court notes that the Settlement Agreement provides that any disputes related to the agreement or its subject matter are governed by the law of England and Wales. Defendant's motion, however, relies solely on Florida substantive law and Defendant has not offered evidence as to English or Welsh law. Accordingly, the Court in this Order relies on Florida law. *See, e.g.*, *K&L Exports, Corp. v. Corporacion Venezolana de Comercio Exterior, S.A.*, No. 20-23529-CIV, 2022 WL 800890, at *5 (S.D. Fla. Feb. 23, 2022) ("Absent proof that foreign law differs from that of Florida, the Court is entitled to presume it is the same.") (internal quotation omitted), *report and recommendation adopted,* 2022 WL 796382 (S.D. Fla. Mar. 16, 2022).

> 3.1    Save for fraud, dishonesty, deceit and/or fraudulent
> misrepresentation this agreement is in full and final settlement of, and
> each party hereby releases and discharges all and/or any actions,
> claims, rights, demands and set-offs, whether arising directly or
> indirectly out of or in connection with your engagement with Lifebit,
> its termination or otherwise and whether arising under common law,
> contract, tort, statute or otherwise. . . ."

This broad language covers both claims asserted by Trudel in the complaint. Plaintiffs do not argue otherwise but seek to avoid the Settlement Agreement by arguing it was signed "under false pretenses and through duress."  Plaintiffs also refer to the agreement as "unconscionable" and "adhesive due to the unconscionability of the conduct the Defendant," and therefore unenforceable. Plaintiffs argue these matters present factual disputes inappropriate for consideration on a motion to dismiss.

To the extent Plaintiffs' reference to "false pretenses" seeks to invalidate the Settlement Agreement on grounds of fraud, that attempt fails.  The complaint does not allege the agreement was induced by fraud.  It alleges that in negotiating the Settlement Agreement, Defendant's attorney "told Ms. Trudel that she had no right to any severance payments whatsoever due to her status as a mere contractor to the company."  Plaintiffs allege this was false and was merely a pretext for denying her severance payments.  This statement regarding Trudel's status and legal rights appears to be a non-actionable statement of law.  *See, e.g., Audette-Weaver v. J.G. Wentworth, S.S.C., L.P.,* No. 8:07-cv-2056-T-26MAP, 2008 WL 11336685, at *5 (M.D. Fla. Feb. 26, 2008).   Moreover, Plaintiffs do not allege Trudel accepted the statement or relied on it when she entered into the Settlement Agreement.

The complaint also alleges that the Settlement Agreement was "filled with false statements of fact, which [Defendant] refused to correct or remove" and refers to unspecified "false statements" in Defendant's emails.   These vague references are insufficient to plead fraud, which must be set forth with particularity.  *See* Fed. R. Civ. P. 9(b); *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir. 2008) (explaining that the complaint must, among other things, allege the content of the fraudulent statements, their time and place, the speaker, and how the statements misled the plaintiff).

 Duress that will invalidate a settlement agreement or other contract requires (1) improper and coercive conduct by one party (2) that resulted in the other party's signing the agreement "involuntarily and thus not as an exercise of free choice or will . . .."  *Cableview Communications of Jacksonville, Inc. v. Time Warner Cable Southeast, LLC*, 901 F.3d 1294, 1301 (11th Cir. 2018) (internal quotation omitted).  Plaintiffs must therefore establish that Defendant's wrongful acts caused a situation in which Trudel had no alternative.  *See id.*  Such alternative courses of action might include, for example, seeking legal relief rather than signing the Settlement Agreement.  As the court stated in *City of Miami v. Kory*, 394 So. 2d 494 (Fla. 3d DCA 1981), "threatened action cannot constitute duress, when there are adequate legal remedies available with which to challenge it."  *Id.* at 499.  "This principle is particularly applicable to employment situations such as this 'because a suit will effectively supply damages or other reparation.'"  *Id.* (quoting 13 *Williston on Contracts*, § 1621, 764 n.4 (3d ed. 1970)).  Plaintiffs

arguably allege wrongful conduct by Defendant when it withheld Trudel's severance payments, but Plaintiffs fail to allege facts plausibly showing Trudel had no choice but to sign the Settlement Agreement.

Plaintiffs' reference to "unconscionability" also fails to save Trudel's claims. The complaint does not allege the Settlement Agreement was unconscionable.  If Plaintiffs file an amended complaint and allege unconscionability, they must plead facts that plausibly support such a claim.  Unconscionability that will invalidate a settlement agreement requires "an *absence of meaningful choice* on the part of one of the parties together with contract terms which are *unreasonably favorable to the other party." Basulto v. Hialeah Automotive*, 141 So. 3d 1145, 1157 (Fla. 2014) (internal quotation omitted).  The absence of meaningful choice is sometimes referred to as "procedural unconscionability," and the unreasonableness of the terms as "substantive unconscionability." *Id*. at 1157-58.  A party seeking to invalidate a settlement agreement or other contract must establish both, and the complaint fails to plead either.  *See SHEDDF-2-FL3, LLC v. Penthouse South, LLC*, 314 So. 3d 403, 409 (Fla. 3d DCA 2020).  As discussed above, the complaint fails to allege any facts suggesting Plaintiff lacked a meaningful choice in deciding whether to sign the Settlement Agreement.  The complaint also fails to plead facts showing the agreement itself was substantively unreasonable.

Because the complaint attaches an exhibit that defeats the causes of action alleged by Trudel, and Plaintiffs have failed to sufficiently plead facts to avoid that result, Defendant's motion to dismiss Trudel's claims is granted, and Trudel's

claims in Count I for breach of contract and Count II for intentional infliction of emotional distress are dismissed with leave to amend.

> **<u>The Complaint's Allegations Fail to State a Claim for Intentional Infliction of Emotional Distress</u>**.

Count II, which alleges a claim of intentional infliction of emotional distress ("IIED") on behalf of both Plaintiffs, fails to state a claim for additional reasons. IIED requires extreme and outrageous conduct that intentionally or recklessly causes severe emotional distress to another person. *See, e.g.*, *Lopez v. Target Corp.*, 676 F.3d 1230, 1236 (11th Cir. 2012).

Plaintiffs' IIED allegations are long on adjectives and short on facts. The complaint alleges Trudel was subjected to acts of harassment based on her gender and sexual orientation but fails to say what the acts of harassment were. The complaint alleges Dold suffered unspecified harassment after she requested a reduced work schedule. The complaint alleges the harassment caused "severe emotional distress" but fails to allege any facts to support that characterization. The complaint alleges both Plaintiffs suffered a "corrosively hostile work environment" and that Defendant's conduct was "severe and outrageous." These are legal conclusions, not allegations of fact. *See, e.g.*, *Grasso v. Ard Contracting, Inc.*, No. 4:21-CV-310-WS/MJF, 2022 WL 2654990, at *4 (N.D. Fla. June 8, 2022) ("As an initial matter, Plaintiff's statements that Ard's conduct was outrageous 'because it goes beyond all bounds of decency' and 'because a reasonable person would regard conduct as intolerable in civilized society' are legal conclusions and are not entitled to the presumption of truth."), *report and*

*recommendation adopted*, 2022 WL 2649090 (N.D. Fla. July 8, 2022);  *Schneider v. Dep't of Corr.*, No. 4:03CV383-WS, 2004 WL 453134, at *1 (N.D. Fla. Feb. 11, 2004) ("The words 'hostile work environment' are not talismanic, for they are but a legal conclusion . . . .").

Stating a claim requires more than "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action."  *Twombly*, 550 U.S. at 555.  That is all the complaint offers, and that is not enough.  *See, e.g., Dunkel v. Hamilton*, No. 3:15-cv-949-J-34PDB, 2016 WL 4844662, at *9 (M.D. Fla. Aug. 8, 2016) (dismissing intentional infliction claim where the complaint failed to "allege facts to show the plausible existence of outrageous conduct."), *report and recommendation adopted*, 2016 WL 4765740 (M.D. Fla. Sept. 13, 2016); *Nickerson v. HSNi, LLC*, No. 8:11-cv-538-T-27AEP, 2011 WL 3584366, at *3 (M.D. Fla. Aug. 15, 2011) (dismissing complaint which alleged the severity of the emotional distress in conclusory manner and therefore "fail[ed] to plead facts, which, when taken as true, state a claim for intentional infliction of emotional distress that is plausible on its face."). Accordingly, Count II is dismissed with leave to amend.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

1.  "Defendant's Motion to Dismiss the Complaint and Memorandum of Law in Support Thereof" (Doc. 7) is **GRANTED.**

2.  Plaintiffs' complaint (Doc. 1-1) is **DISMISSED WITHOUT PREJUDICE**. Plaintiffs may file an amended complaint on or before November 24, 2022.

Failure to file an amended complaint as directed will result in this Order becoming a final judgment.  *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719-20 (11th Cir. 2020).

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 3d day of November, 2022.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**