UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KELLI TRUDEL and
BETTINA DOLD,

    Plaintiffs,

v.                                    Case No. 8:22-cv-1823-TPB-SPF

LIFEBIT BIOTECH,

    Defendant.
_____/

## ORDER DIRECTING RESPONSES

This matter is before the Court *sua sponte*. In their state court complaint, Plaintiffs asserted one count on behalf of Kelli Trudel for breach of an employment contract, and a second count on behalf of both Trudel and Bettina Dold for intentional infliction of emotional distress. In their amended complaint, Plaintiffs add Dold as a plaintiff on the breach of contract count.

Defendant Lifebit Biotech removed the case based on diversity of citizenship under 28 U.S.C. § 1332(a)(1) and/or § 1332(a)(2). These bases require that the suit be between (1) citizens of different states or (2) citizens of a state and citizens or subjects of a foreign state, and that the amount of controversy exceed $75,000. While Plaintiffs have not challenged the existence of subject matter jurisdiction, the Court has an independent obligation to determine whether subject matter jurisdiction exists. *See, e.g., Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Because it is not clear to the Court whether jurisdiction exists under § 1332 or

whether supplemental jurisdiction exists under 28 U.S.C. § 1367 over Dold's claims, the parties will be required to file responses addressing the Court's concerns.

### *Diversity of Citizenship*

In their state court complaint, Plaintiffs alleged they were "citizen[s] of the United States" and "Florida resident[s]." In their amended complaint, Plaintiffs allege they are "citizen[s] of the United States" and were "Florida resident[s] during the period of time alleged in the Amended Complaint." Yet, residency and citizenship are not the same thing. *See, e.g., Signature Fin. LLC v. Razikov*, No. 6:20-cv-1190-Orl-22DCI, 2020 WL 13120130, at *3 (M.D. Fla. July 9, 2020). Citizenship requires residency plus an intent to remain. *Id*. Therefore, the assertion in the notice of removal that the complaint alleged both Plaintiffs were citizens of Florida is insufficient because it equates residency with citizenship. That is particularly the case given Defendant's statement that it "reserves the right to challenge the accuracy of Plaintiff's' residency-related allegations." Plaintiffs' amended complaint also limits the allegation of Florida residency to the "period of time alleged in the Amended Complaint," further clouding the issue of Plaintiffs' citizenship at the time of removal.

The assertions in the notice of removal regarding Defendant's citizenship are also deficient. A corporation is a citizen of every state or foreign state in which it has been incorporated and every state or foreign state in which it has its principal place of business. 28 U.S. C. § 1332(c)(1). The notice of removal refers to the allegation that Defendant is a "foreign company," and asserts that Defendant is

"registered" as a corporation in Delaware, but it then refers to a "Certificate of Incorporation" that is not attached to the notice. There is no clear allegation much less proof as to Defendant's place of incorporation.

As for Defendant's principal place of business, the notice of removal asserts only that Defendant's "headquarters" is in London. This appears to be based on Defendant's website, which lists offices in London, San Francisco, and Hong Kong without differentiating any one of them as its "headquarters" or "principal place of business." Moreover, while a corporation's "headquarters" is normally its principal place of business, that is not necessarily the case. As the party asserting federal jurisdiction, Defendant must demonstrate by competent evidence that its principal place of business under the "nerve center" test is in a foreign state or a state other than those of which Plaintiffs are citizens. *See, e.g., Laule v. JV China, Inc.*, No. 8:21-cv-2023-SDM-TGW, 2022 WL 287882, at *1-2 (M.D. Fla. Jan. 3, 2022); *Leon v. First Liberty Ins. Corp.*, 903 F. Supp. 2d 1319, 1321-23 (M.D. Fla. 2012).[1]

*Amount in Controversy*

The notice of removal sufficiently alleges the amount in controversy with respect to Trudel's claims. However, neither the complaint nor the notice of removal allows the Court to reach a conclusion that the amount in controversy requirement is met as to Dold. 28 U.S.C. § 1367 allows supplemental jurisdiction

---

[1] Defendant's motion to dismiss the original complaint attached a declaration stating that Defendant's principal place of business is in London, but in view of the statements in the notice of removal regarding Defendant's "headquarters," the Court is unwilling to take the conclusory assertion in the declaration as sufficient to establish the principal place of business without further explanation or evidence.

over claims for which the Court would otherwise lack jurisdiction, including claims brought by parties joined as plaintiffs, but only if they form part of the same case or controversy as claims within the Court's original jurisdiction. Therefore, to establish federal jurisdiction over Dold's claims, they must have an independent jurisdictional basis or must be part of the same case or controversy as Trudel's claims.

*Conclusion*

For the forgoing reasons, the parties are directed to file responses addressing the issues set forth above and whether this action should be remanded due to lack of subject matter jurisdiction. The responses should not exceed ten pages in length and should be filed on or before December 21, 2022. The submissions should also include any affidavits, declarations, or other evidentiary materials necessary to establish the required jurisdictional facts.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 7th day of December, 2022.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**