UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KELLY TRUDEL and
BETTINA DOLD,

    Plaintiffs,

v.                                                       Case No. 8:22-cv-1823-TPB-SPF

LIFEBIT BIOTECH,

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS FIRST AMENDED COMPLAINT**

This case is before the Court on "Defendant's Motion to Dismiss the First Amended Complaint and Memorandum of Law in Support Thereof," filed on November 23, 2022. (Doc. 24). Plaintiffs filed a response in opposition to the motion on December 7, 2022. (Doc. 27).

The factual background of this case and governing legal principles are set forth in detail in the Court's Order dismissing the original complaint dated November 3, 2022. *See* (Doc. 21). The amended complaint is substantially similar to the original. Plaintiffs Kelli Trudel and Bettina Dold allege they were employed by Defendant Lifebit Biotech and that they were improperly terminated. They signed settlement agreements resolving the dispute but allege they were coerced into doing so and signed the agreements under duress. They also assert that they

were the victims of harassment and plan to file discrimination claims once administrative requirements have been satisfied.

On June 24, 2022, Plaintiffs filed suit in state court in Hillsborough County, Florida, asserting one count for breach of contract (on behalf of Trudel) and one count of intentional infliction of emotional distress (on behalf of both Plaintiffs). On August 10, 2022, Defendant removed the case to this Court based on diversity of citizenship.[1] On Defendant's motion, the Court dismissed the complaint with leave to amend based on insufficient allegations of personal jurisdiction and failure to state a claim. Plaintiffs filed an amended complaint asserting claims for breach of contract and intentional infliction of emotional distress on behalf of both Plaintiffs. (Doc. 23).

As Defendant correctly argues in moving to dismiss, the first amended complaint suffers from the same deficiencies as its predecessor. As explained in the prior Order that dismissed the original complaint, a plaintiff must allege in the complaint facts that if true would establish a *prima facie* case for personal jurisdiction over the defendant. (Doc. 21); *United Tech. Corp. v. Mazer*, 556 F.3d 1260, 1275 (11th Cir. 2009). Pleading a *prima facie* case requires the plaintiff to allege sufficient facts "to support a reasonable inference that the defendant can be subjected to jurisdiction within the state." *Bracewell v. Nicholson Air Services,*

---

[1] On December 7, 2022, the Court directed the parties to file memoranda addressing issues of subject matter jurisdiction, specifically including the citizenship of the parties and amount in controversy. (Doc. 28). Based on the submissions, the Court concludes that this is an action between citizens of different states and the amount in controversy exceeds $75,000. Accordingly, diversity jurisdiction is present.

*Inc.*, 680 F.2d 103, 104 (11th Cir. 1982). When a defendant challenges jurisdiction and supports its position by affidavit, the burden shifts to the plaintiff to establish jurisdiction by affidavits or other competent proof. *Polskie Linie Oceaniczne v. Seasafe Transport A/S,* 795 F.2d 968, 972 (11th Cir. 1986). Where no evidentiary hearing is held, the plaintiff's burden is to establish a *prima facie* case of personal jurisdiction – that is, a case that would withstand a motion for directed verdict. *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990).

Here, Defendant has contested personal jurisdiction. Defendant, an international biotech company that assists clients with assessing and analyzing biomedical data, is incorporated in the State of Delaware and headquartered in London, England. Defendant alleges that both plaintiffs worked for it remotely, and Defendant believes Trudel resided in Colorado and Dold resided in Vermont. As such, Defendant maintains it has only attenuated contact with the State of Florida and generated no business revenue in Florida past or present. *See* (Doc. 8). Defendant claims that its contacts with the State of Florida are insufficient to subject it to personal jurisdiction.

The issue of personal jurisdiction was squarely presented in Defendant's initial motion to dismiss, and the Court's Order granting that motion made it clear that Plaintiffs needed to include more detailed information in an amended complaint to address this issue. *See* (Docs. 7; 21). Plaintiffs' first amended complaint does not adequately address this issue. The conclusory allegations fail to allege which of the acts listed in the long arm statute provide a basis for personal

jurisdiction and otherwise fails to plead a *prima facie* case that personal jurisdiction exists. Accordingly, Defendant's motion to dismiss for lack of personal jurisdiction is granted, and this action will be dismissed. As a result, it is unnecessary to address Defendant's additional arguments that the amended complaint fails to state a claim for relief.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant's Motion to Dismiss the First Amended Complaint and Memorandum of Law in Support Thereof" (Doc. 24) is **GRANTED.**
2. Plaintiffs' First Amended Complaint (Doc. 23) and this action are **DISMISSED**.
3. The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 24th day of March, 2023.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**